IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| PAUL SALAS, JR.<br>　　Plaintiff<br><br>VS.<br><br>ROY HUTCHINSON, III and US<br>DEPARTMENT OF HOMELAND<br>SECURITY,<br>　　Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 2:22-cv-7<br>§<br>§<br>§<br>§<br>§<br>§ |

**P**LAINTIFFS' **O**RIGINAL **C**OMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES PAUL SALAS, Plaintiff, complaining of ROY HUTCHINSON, III, and US DEPARTMENT OF HOMELAND SECURITY, and for causes of action would respectfully show the following:

### I. THE PARTIES

**A.   PLAINTIFFS**

1.   Plaintiff, PAUL SALAS, JR., is a citizen of the United States and a resident of Eagle Pass, Maverick County, Texas. Paul Salas, Jr., brings suit herein in his individual capacity for personal injuries.

**B.   DEFENDANTS**

2.   Defendant, ROY HUTCHINSON, III, is a citizen of the United States and a resident of Eagle Pass, Maverick County, Texas, who was employed as a United States Border Patrol Agent, engaged in the course and scope of his employment, and doing business in the state of Texas. He may be served with service of process, by private process server, at his place of residence located at 2285 Del Rio Blvd., Eagle Pass, Texas 78852, or wherever he may be found.

3. Defendant, US DEPARTMENT OF HOMELAND SECURITY is authorized to do business in the state of Texas. Service of process may be effectuated by serving citation by Certified Mail Return Receipt Requested to the registered agent, Office of the General Counsel., U.S. Department of Homeland Security, 2707 Martin Luther King Jr., Ave, SE, Washington, D.C., 20528-0485.

## II. JURISDICTION & VENUE

4. Jursdiction and venue are proper in the Federal District Court of the Western District of Texas. This is a negligence cause of action arising out of a motor vehicle collision occurring in Maverick County, Texas within the boundaries of the Western District of Texas. The parties are diverse. The Plaintiff is a resident of Maverick County, Texas. The Defendant's, US DEPARTMENT OF HOMELAND SECURITY, registered agent is in Washington, D.C. Further, the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

## III. FACTS

5. The vehicle in question is a 2014 Chevrolet Express Border Patrol Van bearing vehicle identification number (VIN) 1GAZG1FG3E1106501. At the time of the incident in question, the vehicle in question was owned by by the US DEPARTMENT OF HOMELAND SECURITY and was being operated by Defendant, ROY HUTCHINSON, III,, in the course and scope of his employment.

6. This suit rises out of a motor vehicle incident, which occurred on or about July 6, 2021, on US Highway 277 in Maverick County, Texas. On this date, Plaintiff, Paul Salas, Jr. was injured when the driver of a 2014 Chevrolet Express. Border Patrol Van, Roy Hutchinson, III, was stationary on the improved shoulder on Highway US 277. The Defendant, Roy Hutchinson, III, then negligently turned onto the highway when unsafe, causing him to strike the Plaintiff, Paul Salas, Jr., who was driving in a lawful and prudent maner a 2004 Blue Ford Focus heading

northbound on US Highway 277.  The force of that collision caused Plaintiff, Paul Salas, Jr., to sustain serious personal injuries.

## IV. Negligence, Negligence Per Se, and Gross Negligence Of US DEPARTMENT OF HOMELAND SECURITY

10. Plaintiff incorporates by this reference each and all of the allegations contained in paragraphs 1 – 6 of this complaint as though fully set forth herein.

11. At the time of the incident in question, Defendant US DEPARTMENT OF HOMELAND SECURITY was the owner/operator of the vehicle in question being driven by Defendant HUTCHINSON.

12. HUTCHINSON was under the control of US DEPARTMENT OF HOMELAND SECURITY, as an employee and/or agent of US DEPARTMENT OF HOMELAND SECURITY and was acting within the course and scope of his employment as a United States Border Patrol Agent.  Alternatively, HUTCHINSON was a statutory employee of US DEPARTMENT OF HOMELAND SECURITY.

13. Therefore, US DEPARTMENT OF HOMELAND SECURITY is vicariously responsible for the negligence and negligence *per se* of HUTCHINSON based on the theory of *Respondeat superior*.

14. Plaintiff further asserts and alleges at the time of the collision made the basis of this suit that Defendant, US DEPARTMENT OF HOMELAND SECURITY, was guilty of various acts and/or omissions which constituted negligence, negligence per se, gross negligence, and recklessness which negligence, negligence per se, gross negligence and recklessness, including, but in no way limited to, the following, each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

    a.    failing to properly train Hutchinson;

    b.    failing to properly monitor and supervise Hutchinson;

    c.    failing to properly implement appropriate policies and procedures;

      d.      entrusting a vehicle to Hutchinson;

      e.      failing to provide proper and/or adequate training with respect to safe vehicle operation;

      f.      failing to ensure the safety of others through proper training;

      g.      failing to properly monitor drivers to ensure proper documentation of compliance with statutes and regulations governing, including hours of service regulations;

      h.      creating a danger to the public, of which it had specific knowledge, and then failing to protect the public from that danger;

      i.      negligently exercising control on Hutchinson;

      j.      having superior knowledge of specific risk and specific danger and failing to guard against it;

      k.      negligently hiring Hutchinson; and

      l.      in permitting Hutchinson to operate a motor vehicle while distracted, fatigued, and drowsy.

15. Plaintiff further alleges that the Defendant, **US DEPARTMENT OF HOMELAND SECURITY** was the owner of the vehicle being driven by the Defendant, **ROY HUTCHINSON, III**, at the time of the incident in question. The Defendant, **US DEPARTMENT OF HOMELAND SECURITY**, was negligent in entrusting said vehicle to Defendant, **ROY HUTCHINSON, III**, in that the said **ROY HUTCHINSON, III** was an unskilled, incompetent and reckless driver, and that the Defendant, **US DEPARTMENT OF HOMELAND SECURITY,** knew, or through the exercise of ordinary and prudent care, should have known that the said **ROY HUTCHINSON, III** was an unskilled, incompetent and reckless driver; that the Defendant, **US DEPARTMENT OF HOMELAND SECURITY**, was therefore negligent in entrusting said vehicle to the Defendant, **ROY HUTCHINSON, III**, and such negligent act on the

part of the Defendant, **US DEPARTMENT OF HOMELAND SECURITY,** was a direct and proximate cause of the incident in question and the Plaintiff's resultant injuries. Therefore, Plaintiff is entitled to and hereby sue Defendant, **US DEPARTMENT OF HOMELAND SECURITY,** pursuant to the negligent entrustment theory.

16. Each and all of the above mentioned acts or omissions and/or commissions constituted negligence, and gross negligence and were a proximate cause of the injuries and damages to Plaintiff and for which Plaintiff hereby seeks recovery. US DEPARTMENT OF HOMELAND SECURITY'S failure to comply with or enforce their duties and obligations under the FMCSR, including, 49 CFR 395 *et seq*, constitutes negligence *per se* and was a proximate cause of the injuries and damages to Plaintiffs and for which Plaintiffs now seek recovery.

## V. NEGLIGENCE, NEGLIGENCE PER SE AND GROSS NEGLIGENCE OF ROY HUTCHINSON, III (HUTCHINSON)

17. Plaintiffs incorporate by this reference each and all of the allegations contained in paragraphs 1 – 16 of this complaint as though fully set forth herein.

18. At the time and on the occasion in question, Defendant, Hutchinson, while operating the vehicle in question within the course and scope of his employment for Defendant US DEPARTMENT OF HOMELAND SECURITY and while operating said vehicle for and on behalf of and with Defendant's permission, failed to use ordinary care by various acts and omissions each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

    a.    in failing to keep a proper lookout;

    b.    in being stationary on the improved shoulder of US 277 in Maverick County and then turning onto US 277 when unsafe;

    c.    in failing to take proper safety precautions prior to turning unsafe onto US Highway 277 when unsafe;

    d.    in striking the Plaintiff's vehicle when he failed to safely turn onto US Highway 277;

  e. in failing to abide by the proper rules and regulations concerning his vehicle's safe operation;

  f. in failing to operate his vehicle in a reasonable and prudent manner;

  g. in using his cell phone in a manner while operating a vehcile in violation of mutiple rules and regulations;

  h. in operating his vehicle owned by US Department of Homeland Security while distracted, fatigued, and drowsy;

  i. failing to comply with the Hours of Service Regulations enumerated in the FMCSR, including 49 CFR 395.8.

19. Each and all of the above foregoing acts of omission and/or commission constituted negligence, and gross negligence and were a proximate cause of the injuries and damages to Plaintiffs and for which Plaintiffs now seek recovery.

20. Hutchinson's failing to comply with the the FMCSR, including 49 CFR 395 *et seq*, constitutes negligence *per se* and was a proximate cause of the injuries and damages to Plaintiff and for which Plaintiff now seeks recovery.

## VI. DAMAGES

21. Plaintiff incorporates by this refference each and all of the allegations contained in Paragraphs 1 through 20 of this complaint as though fully set forth herein.

22. Nearly all of the elements of damages for personal injury are unliquidated and, therefore, not subject to precise computation. Plaintiffs seek to recover damages in amounts that the jury finds the evidence supports and that the jury finds to be appropriate under all of the circumstances.

### A. Paul Salas, Jr.'s, Damages For Personal Injuries

23. As a result of the incident in question, Paul Salas, Jr., was seriously injured and suffered severe, permanent and disabling injuries.

24. As a result of the incident in question, Paul Salas, Jr., suffered physical pain and mental anguish, both past and future.

25. As a result of the incident in question, Paul Salas, Jr., has suffered disfigurement, physical impairment, limitation of activities and a dimunition of enjoyment of life, both past and future.

26. As a result of the incident in question, Paul Salas, Jr., has sustained reasonable and necessary medical expenses, past and future, for the care and treatement of his injuries.

27. As a result of the incident in question, Paul Salas, Jr., has required medical treatment in the past and, in reasonable probability, will require other and additional treatment and care in the future.

28. As a result of the incident in question, Paul Salas, Jr., suffered a loss of earnings, and diminution of future earning capacity.

29. As a result of the incident in question, Plaintiff, Paul Salas, Jr., has incurred the following damages:

    a. Reasonable and necessary medical expenses in the past for Plaintiff, Paul Salas, Jr.;

    b. Reasonable and necessary medical expenses, which in all reasonable probability, will be incurred in the future for Plaintiff, ;

    c. Physical pain and suffering in the past by Plaintiff, Paul Salas, Jr.;

    d. Physical pain and suffering, which in all probability, will be suffered in the future by Plaintiff, Paul Salas, Jr.;

    e. Mental anguish suffered in the past by Plaintiff, Paul Salas, Jr.;

  f. Mental anguish, which in all probability, will be suffered in the future by Plaintiff, Paul Salas, Jr.;

  g. Physical impairment suffered in the past by Plaintiff, Paul Salas, Jr.;

  h. Physical impairment, which in all probability, will be suffered in the future by Plaintiff, Paul Salas, Jr.;

  i. Lost wages in the past of Plaintiff, Paul Salas, Jr.;

  j. Loss of wage earning capacity which, in all reasonable probability, will be suffered in the future by Plaintiff, Paul Salas, Jr.;

  k. Disfigurement sustained in the past by Plaintiff, Paul Salas, Jr.; l.

  Disfigurement, which in all reasonable probability, will be sustained in the future by Plaintiff, Paul Salas, Jr.

30. As a result of of the gross negligence and malice by Defendants, said Defendants should have exemplary damages assessed against them in an amount deemed appropriate by the jury.

## VII. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

31. Plaintiff incorporates by this refernce each and all of the allegations contained in Paragraphs 1 through 30 of this complaint as though fully set forth herein.

32. Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII. JURY DEMAND

40. Plaintiff requests a trial by jury for all issues of fact.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this cause be set down for trial before a jury, and that Plaintiff recovers judgment of and from the Defendants for their actual and exemplary damages, jointly and severally, in such amount as the evidence may show

and the jury may determine to be proper, together with the prejudgment interest, post-judgment interest, costs of suit, and such other and further relief to which he may show himself to be justly entitled.

Respectfully submitted,

The Law Firm of Oscar A. Garza, P.L.L.C.
545 Quarry Street
Eagle Pass Texas 78852
Telephone: (830) 757-2424
Facsimile: (830) 757-2525

**/s/ Alberto Rodriguez**
ALBERTO RODRIGUEZ
State Bar No. 24061265
E-mail: arodriguez@oscargarzalaw.com
ATTORNEYS FOR PLAINTIFF